UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAPE BANK,<br><br>        Plaintiff,<br><br>    v.<br><br>VSES GALLOWAY, INC., et al.,<br><br>        Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 14-5293<br>           (JEI/AMD)<br><br>**OPINION** |

**APPEARANCES:**

DEMBO & SALDUTTI, LLP
By: Kyle Eingorn, Esq.
1300 Route 73, Suite 205
Mount Laurel, New Jersey 08054
        Counsel for Plaintiff

SUBRANNI ZAUBER, LLC
By: William P. Rubley, Esq.
750 Route 73 South, Suite 307B
Marlton, New Jersey 08053
        Counsel for Removing Defendants Zoe and James
        Christakos

DEICHES & FERSCHMANN
By: Ira Deiches, Esq.
25 Wilkins Avenue
Haddonfield, New Jersey 08033
        Counsel for Non-Removing Defendants VSES Galloway,
        Inc., et al.

**IRENAS**, Senior District Judge:

   This matter comes before the Court upon the undersigned's

Order to Show Cause why: (1) the Lanham Act, 25 U.S.C. § 1051 et

seq., claim should not be dismissed for failure to state a

1

claim, and (2) the case should not be remanded to state court. Oral argument was held on August 27, 2014. For the reasons stated herein, the Lanham Act claim will be dismissed and the rest of the case remanded to state court, thereby discharging the Order to Show Cause.[1]

## I.

This case involves real property in Galloway, New Jersey upon which a "sectional" or "modular" diner structure is located. Removing Defendants Zoe and James Christakos own the real property but not the diner. The Christakoses lease the property to the current diner owner, Defendant VSES Galloway, Inc.

In 2012, Plaintiff Cape Bank made two mortgage loans to Defendant VSES.

On September 28, 2012 Cape Bank loaned VSES $650,000.00, evidenced by a mortgage note ("Note 1"). Note 1 is secured by: (1) a "First Leased Hold [sic] Mortgage and Security Agreement and Fixture Filing and Assignment of Leases, Rents, and Agreements on the lease related to the real property" (Second Amended Compl. ¶ 14); (2) "a valid and perfected security

---

[1] The Court exercises federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The parties are not diverse for purposes of 28 U.S.C. § 1332.

interest in all personal property, fixtures, equipment, furnishings, inventory, supplies and other articles of tangible personal property" located at the property (Id. ¶ 15); (3) a second mortgage on a property located in North Wildwood, New Jersey granted to Plaintiff by Defendant West Spruce Avenue Associates LLC (Id. ¶ 16); and (4) Commercial Guaranty and Surety Agreements executed by Defendant West Spruce Avenue Associates, Defendant BSDH, Inc., Defendant Vassilios Stamatacos, and Defendant Eleni Stamatacos (Id. ¶ 17).[2]

On November 29, 2012, Cape Bank loaned VSES an additional $30,000.00 evidenced by a second mortgage note ("Note 2"). Note 2 is secured by: a "Second Leased Hold [sic] Mortgage and Security Agreement and Fixture Filing and Assignment of Leases, Rents, and Agreements on the lease related to the real property" upon which the diner is located (Second Amended Compl. ¶ 22); (2) "a valid and perfected security interest in all personal property, fixtures, equipment, furnishings, inventory, supplies and other articles of tangible personal property" located at the property (Id. ¶ 23); (3) a third mortgage on a property located in North Wildwood, New Jersey granted to Plaintiff by Defendant

---

[2] Defendant Vassilios Stamatacos (i.e., "VS") and Defendant Eleni Stamatacos (i.e., "ES") have some interest in, or control of, Defendant VSES. According to the Christakoses' Answer and Counterclaim, Vassili Stamatacos is the "principal shareholder" of VSES.

West Spruce Avenue Associates LLC (Id. ¶ 24); and (4) Commercial Guaranty and Surety Agreements executed by Defendant West Spruce Avenue Associates, Defendant BSDH, Inc., Defendant Vassilios Stamatacos, and Defendant Eleni Stamatacos (Id. ¶ 25).

The Second Amended Complaint alleges that VSES and the guarantors have failed to pay Cape Bank amounts due and owing on the loans, and that VSES filed for Chapter 7 relief in United States Bankruptcy Court on March 13, 2014, each of which, Cape Bank contends are Events of Default under the loan documents.

The Second Amended Complaint further alleges that "there is presently $769,668.12 due and owing from the Guarantors to the Bank under the terms and conditions of the Loan Documents." (Second Amended Compl. ¶ 33)

Cape Bank filed the instant suit in Cape May County Superior Court on February 21, 2014.  The original complaint contained only state law causes of action: breach of contract, unjust enrichment, and breach of implied covenant of good faith and fair dealing; and did not name the presently Removing Defendants, the Christakoses, as defendants.  The Non-Removing Defendants (VSES, the Stamatacoses, West Spruce Avenue Associates, and BSDH, Inc.) answered the complaint on April 3, 2014.

In June, 2014, Cape Bank amended its complaint to add a count for replevin and to name the Christakoses as Defendants.

Importantly, the Christakoses are only Defendants to the replevin claim.

Within a week, the Christakoses answered the Amended Complaint and asserted a counterclaim for past due rent and unpaid taxes and sewer charges under the theory that if Cape Bank takes possession of the diner "Cape Bank becomes liable for the obligations of the tenant under the terms of [VSES's] Lease Agreement."  (Counterclaim ¶ 14-16)

Motion practice ensued, the merits of which are not relevant to the issues presently before this Court, except to note that the Christakoses did not obtain the relief they sought.  On August 14, 2014 Cape May County Superior Court Judge issued a writ of replevin.

All of the above apparently upset the Christakoses, who recently decided to publicly air their grievances with Cape Bank by posting large signs on their property.  The signs, which are visible to cars passing by, read, "Attention business closed due to lending by Cape Bank" and "Attention Cape Bank would rather demolish this building than have it open for business."

In response to these signs, on August 22, 2014, Cape Bank amended its complaint again to add defamation, libel per se, and Lanham Act, 25 U.S.C. § 1051 et seq., claims against the Christakoses.

The Christakoses timely removed the case to this Court based on the newly-added federal claim. *See* 28 U.S.C. § 1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 after receipt by the defendant, through service or otherwise, of a copy of an amended pleading . . . from which it may first ascertained that the case is one which is or has become removable.").[3]

## II.

### A.

---

[3] Cape Bank correctly notes that there is a defect in the removal procedure: the Non-Removing Defendants do not consent to-- in fact they oppose-- removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action"); *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) (explaining the "unanimity rule" established by § 1446).
    The Christakoses argue that the newly-added Lanham Act, defamation and libel per se claims are not within this Court's supplemental jurisdiction and therefore, pursuant to 28 U.S.C. § 1441(c)(2), consent of the other defendants is not required. The Court disagrees. The new claims are "part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), and therefore come within this Court's supplemental jurisdiction. Accordingly, consent of all defendants is required.
    However, failure to obtain all defendants' consent to removal is only a procedural, not jurisdictional, defect. *Balazik*, 44 F.3d at 213. While the entire case (including the Lanham Act claim) could be remanded on this basis, the interests of judicial economy weigh against that course of action. It is undisputed that this Court has subject matter jurisdiction to rule on the merits of the Lanham Act claim and it will do so.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).  While a court must accept as true all factual allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions.  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

**B.**

28 U.S.C. § 1367(c)(3) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over [supplemental state law] claim[s] if . . . the district court has dismissed all claims over which it has original jurisdiction."  The decision to decline to exercise supplemental jurisdiction rests within the district court's sound discretion. *Jackson v. Rohm & Haas Co.*, 2007 U.S. App. LEXIS 4194 (3d Cir. 2007) (Irenas, S.D.J., sitting by designation).

7

**III.**

Cape Bank, as a matter of law, cannot recover on its Lanham Act claim because the Lanham Act does not reach the alleged actions of the Christakoses.

The relevant portion of the Lanham Act prohibits the use of any communication "*in commercial advertising or promotion* [that] misrepresents the nature, characteristics, qualities, or geographic origin of . . . goods, services, or commercial activities."  15 U.S.C. § 1125(a)(1)(B) (emphasis added).

The Christakoses have no commercial relationship with Cape Bank.  Cape Bank did not lend the Christakoses money and the Christakoses did not guaranty any loan granted by the bank.  Cape Bank and the Christakoses are merely adversaries in a lawsuit by virtue of the fact that the Christakoses own property that is tied up in Cape Bank's dispute with other parties.  The Christakoes posted the allegedly libelous and defamatory signs on their property in connection with the lawsuit.  Moreover, they do not stand to commercially gain from the statements on the signs at issue; they merely own the property on which the diner sits.  Cf. *Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 945 F.2d 869, 872 (3d Cir. 1992) (stating that, among other elements, a Lanham Act plaintiff must

demonstrate that "the deception was material in that it *likely influenced purchasing decisions*.") (emphasis added).

As the undersigned very recently held, "statements . . . not contained in a commercial advertisement or promotion" are not actionable under the Lanham Act.  *Innovasystems, Inc. v. Proveris Scientific Corp.*, 2014 U.S. Dist. LEXIS 109228 at *18-20 (D.N.J. August 6, 2014) (Irenas, S.D.J.).  The facts pled cannot plausibly support a conclusion that the statements at issue were contained in a commercial advertisement or promotion.  Accordingly, the Second Amended Complaint fails to state a claim for violation of the Lanham Act, and the claim will be dismissed.

**IV.**

For the reasons stated above, the Lanham Act claim will be dismissed.  As there are no remaining federal claims[4], the

---

[4]  The Notice of Removal states that the libel per se claim implicates First Amendment issues, thereby raising "federal questions."  (Notice of Removal, ¶ 2)  That argument seems dubious at best, considering no government action is pled.  However, even assuming the existence of such federal questions, those questions do not appear on the face of the well-pleaded complaint and therefore are insufficient to support subject matter jurisdiction under 28 U.S.C. § 1331.  *See generally Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (internal citation omitted).

remainder of this case (i.e., all claims except the Lanham Act claim) will be remanded to Cape May County Superior Court pursuant to 28 U.S.C. § 1367(c)(3).[5]  An appropriate Order accompanies this Opinion.

Dated: August 29, 2014

               __s/ Joseph E. Irenas_____
               Joseph E. Irenas, S.U.S.D.J.

---

[5]  Alternatively, remand also would be appropriate under 28 U.S.C. § 1367(c)(2), which provides that a district court may decline to exercise jurisdiction over state law claims when those claims "substantially predominate" over the federal claim. That standard is clearly met here.  On the merits, this case was *only* a state law loan collection case when it began, and as to the Non-Removing Defendants in this case-- the borrower and guarantors (i.e., the main defendants)-- it remains so.  The dispute between Cape Bank and the Chistakoses did not directly arise out of the loan transactions at issue; their dispute is merely tangential to the main case (albeit sufficiently related to the original suit to support supplemental jurisdiction. *See* n. 3 *supra*).

 However, the interests of judicial economy weigh in favor of ruling on the Lanham Act claim now, rather than severing and remanding the state law claims and retaining jurisdiction over the Lanham Act claim for disposition at a later time, as counsel for the Christakoses requested at oral argument.